RANDOLPH, Senior Circuit Judge,
concurring in part and dissenting in part:
Speech about government, especially speech critical of government, is at the core of “the freedom of speech.” The First Amendment thus protects speech complaining about taxes. One of the Department of Transportation’s new rules restricts such speech. The new rule dictates how airlines and others selling air transportation may convey information criticizing the taxes and fees exacted from their customers. The government is thus attempting to restrict speech critical of the government. The majority opinion upholds the rule. I think the rule violates the First Amendment.
*420 The Department’s rule regulates airfare advertising. I join the majority in its decision sustaining the rule’s requirement that such advertisements must state the total price of airfare. 14 C.F.R. , § 399.84(a). My problem is with the following portion of the rule: “Although charges included within the single total price listed (e.g., government taxes) may be stated separately or through links or ‘pop ups’ on websites that display the total price, such charges may not be false or misleading, may not be displayed prominently, may not be presented in the same or larger size as the total price, and must provide cost information on a per passenger basis that accurately reflects the costs of the item covered by the charge.” Id.
The rule does not define “not ... prominently.” In the past, the Department used “prominently” to describe text that was “clear” and “large enough to alert a reader to the [subject].” Trans World Airlines, Inc., Dep’t of Transp., Order 95-7-46 (July 28, 1995). The preamble to the advertising rule reflects that definition. It explains that sellers of air transportation may display taxes and government-imposed fees “on the same page” as an advertised fare if the taxes and fees appear “in fine print.” The preamble goes on to say that taxes and fees must “be presented in significantly smaller type” than the total price. Enhancing Airline Passenger Protections, 76 Fed. Reg. 23,110, 23,143 (Apr. 25, 2011). A guidance document issued to explain the regulation states: “‘Prominent’ under this rule means that the break-out of per-person charges cannot be in a more prominent place ... than the advertised total fare.” Office of Aviation Enforcement and Proceedings, Dep’t of Transp., Answers to Frequently Asked Questions 22 (Oct. 19, 2011). The document adds that taxes and fees “cannot be at the top of the page, ahead of the total price. The total price should be in larger font. The [taxes] should not have special highlighting that sets [them] apart and makes [them] more prominent than the total price (e.g., bold font, underlined, or italicized).” Id.
The majority quibbles about how much smaller the typeface of taxes and fees must be in comparison to the typeface of the total price.[1] This is a classic red herring, an attempt to divert attention from *421 what is really at stake here. No matter how hard the majority tries, it cannot disguise the fact that the government has forbidden airlines from displaying taxes and fees “prominently”; that it has made it illegal for airlines to put these government charges in the same or larger typeface than that of the total price; that the government has ordered airlines not to place government taxes and fees above the total price and not to show these items in bold or italics or with underlining.
The airlines say they are engaging in political speech rather than commercial speech when they inform customers, and potential customers, of the amount of the total airfare attributable to government taxes and fees. For this reason they believe they are entitled to the full protection of the First Amendment. Their speech about taxes and fees will be in advertisements, and the airlines, of course, have an economic incentive for educating the public about these charges: if discourse regarding these charges results in the government lessening the financial burden it imposes, airfares would become more affordable and people would fly more often. These circumstances — advertising and economic incentive — do not necessarily disqualify the airlines’ speech from being treated as political speech. In one of the leading First Amendment cases, New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), the Court held that an advertisement placed in a newspaper to raise money was political speech the First Amendment protected. See also Consol. Edison Co. v. Pub. Serv. Comm’n, 447 U.S. 530, 100 S.Ct. 2326, 65 L.Ed.2d 319 (1980).
The majority opinion nevertheless holds that anything the airlines say in their advertisements regarding taxes and fees falls within the category of commercial speech, and is therefore subject to less than full constitutional protection. Maj. Op. at 411-12. No Supreme Court decision has ever dealt with the sort of regulation we have here. That is, none of the commercial speech cases — including Bolger v. Youngs Drug Products Corp., 463 U.S. 60, 103 S.Ct. 2875, 77 L.Ed.2d 469 (1983),[2] on which the majority relies — involved the government’s attempt to control and to muffle speakers who are critical of the government. As the Sixth Circuit wrote in an analogous situation, a law “looks like a ban on core political speech” if it restricts companies from “announcing who bears political responsibility for a new tax ... in the forum most likely to capture voters’ attention” — here, in an advertisement. BellSouth Telecomms., Inc. v. Farris, 542 F.3d 499, 504-05 (6th Cir.2008). Because the law in BellSouth was unconstitutional even if it regulated commercial speech, the Sixth Circuit found it unnecessary to decide how the speech in that case should be classified. Id. The same is true here, and I am therefore content to assume arguendo that we have before us a law restricting commercial speech.
For commercial speech the current test, despite criticism,[3] is still Central Hudson *422 Gas & Electric Corp. v. Public Service Commission, 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980): restrictions on commercial speech are permissible if the government demonstrates (1) that it has a substantial interest in the restriction; (2) the regulation directly advances that interest; and (3) the regulation is not more extensive than necessary. Id. at 566, 100 S.Ct. 2343. False, deceptive, or misleading advertisements can be banned altogether. Ibanez v. Fla. Dep’t of Bus. & Prof'l Regulation, 512 U.S. 136, 142, 114 S.Ct. 2084, 129 L.Ed.2d 118 (1994).
What then are the government’s interests here? The government’s brief offers two: the “interest in ensuring that consumers are accurately informed of the cost of air travel”; and the interest in preventing consumers from being “confuse[d] ... as to the actual price” of airfare.
With respect to the first — ensuring accurate information — the Transportation Department in the rulemaking never mentioned this in connection with the taxes and fees restrictions. And for good reason. The accuracy of the amount of fees and taxes listed in an advertisement does not depend on font size, positioning, prominence, or anything else regulated by the advertising rule.[4] And of course there is no evidence — how could there be? — that smaller typeface for taxes and fees, or anything else the rule requires for these charges, leads to more accurate airline advertising.
The second interest — preventing confusion — was the only justification mentioned in the rulemaking.[5] But neither the Department in its rulemaking nor the government in its brief explains why disclosure of taxes in the same or larger font size as the total price, or at the top of a page rather than at the bottom, or in bold typeface rather than regular typeface, would confuse anyone. And neither the Department in its rulemaking nor the government in its brief cites any sort of evidentiary support for such a notion. The majority’s opinion cites nothing either. These omissions should have resulted in a holding that this aspect of the advertising rule is unconstitutional.[6]
*423 In commercial speech cases, the government’s burden is to demonstrate that its speech restriction “directly” advances the interest it identifies. Central Hudson, 447 U.S. at 566, 100 S.Ct. 2343. To this end, the Supreme Court has required an evidentiary showing that the regulation advances the government’s interest to a material extent. See, e.g., Greater New Orleans Broad. Ass’n, Inc. v. United States, 527 U.S. 173, 188, 119 S.Ct. 1923, 144 L.Ed.2d 161 (1999); 44 Liquormart, 517 U.S. at 505, 116 S.Ct. 1495 (plurality); Rubin v. Coors Brewing Co., 514 U.S. 476, 486-90, 115 S.Ct. 1585, 131 L.Ed.2d 532 (1995); Ibanez, 512 U.S. at 142-43, 114 S.Ct. 2084; Edenfield v. Fane, 507 U.S. 761, 770, 113 S.Ct. 1792, 123 L.Ed.2d 543 (1993); cf. Bose Corp. v. Consumers Union of United States, Inc., 466 U.S. 485, 499, 104 S.Ct. 1949, 80 L.Ed.2d 502 (1984).[7] Government “speculation” or “conjecture” will not suffice. Ibanez, 512 U.S. at 143, 114 S.Ct. 2084 (quoting Edenfield, 507 U.S. at 770, 113 S.Ct. 1792).
Yet the government has presented not a shred of evidence to support its tax and fee rule, and it has offered no reasoning to explain why a significant number of consumers would be confused without the rule. The lack of evidence is particularly telling. It is not because the Transportation Department was without experience with a system in which taxes were stated in large type. For more than a quarter of a century before the current advertising rule, the Department required airlines not to bury the amount of taxes in fine print, but to state the amount of taxes “clearly” and prominently, in a type size at least as large as “the price of the trip.” Request of the Air Transp. Ass’n of Am. for an Exemption, Dep’t of Transp., Order 85-12-68 (Dec. 24, 1985). Yet there is no history, no example, of anyone reading the airlines’ advertisements and coming away with the belief that the taxes and fees amounted to the total price of the airfare. The idea that the new rule is now needed to prevent such confusion is, to put it mildly, absolutely absurd. Taxes and fees for air travel are steep, but — the record shows — they still make up only twenty percent of the total cost of a ticket. Given the fact that the total airfare and the total taxes and fees included therein would be labeled as such, only a fool would confuse or misunderstand the two, regardless of how prominently the taxes and fees were displayed in comparison to the total charge. People get bills all the time that break out the components of the total amount due. *424 (Many list the total amount due at the bottom of the page — not at the top as the Department’s rule requires.) Maybe someone somewhere at some time would be confused. But one of the abiding principles of the commercial speech cases is that the government may not restrict speech on the basis that someone somewhere may misread a particular advertisement.[8]
I therefore dissent from the majority opinion to the extent that it upholds the rule prohibiting sellers of air transportation from prominently displaying government taxes and fees. I join the balance of the majority’s opinion.

. The majority accuses me of not accepting the government's interpretation of its rule because I state that the rule requires taxes and fees to be displayed in “fine print” or a "significantly smaller” font size than the total price. Maj. Op. at 414-15. "Fine print” and "significantly smaller” are not my words. They are the Transportation Department's interpretation of what its rule requires. See 76 Fed. Reg. at 23,143. The guidance document the majority invokes does not suggest otherwise; that document interprets only the word "prominently,” retains the requirement that the total price be listed in "larger font,” and says nothing about how much smaller taxes and fees must be in comparison. Office of Aviation Enforcement and Proceedings, Dep’t of Transp., Answers to Frequently Asked Questions 22.
The majority strains to support its ruling by reaching outside the record, in violation of the Administrative Procedure Act. See Camp v. Pitts, 411 U.S. 138, 142-43, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973). It examines Spirit's current website and proclaims that although taxes and fees are not displayed in fine print, Spirit is not violating the rule. Maj. Op. at 414-15. And how exactly does the majority know this? Because the Department of Justice attorney supposedly said so during oral argument. But the Justice Department attorney said no such thing. How could he? There is no indication that the attorney had ever seen Spirit’s website (it was Judge Tatel who brought it up during Spirit’s argument). And at no point did the attorney say anything about how much smaller the type size of taxes and fees must be in comparison to the total price, which is the subject the Transportation Department discussed in the passages I quoted.

. Bolger defined commercial speech as "speech which does ‘no more than propose a commercial transaction.'" 463 U.S. at 66, 103 S.Ct. 2875 (quoting Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc., 425 U.S. 748, 762, 96 S.Ct. 1817, 48 L.Ed.2d 346 (1976)). The airlines want to do more than "merely” propose that the customer purchase airfare: the airlines want to criticize the government by revealing prominently the full extent of the costs government imposes on their customers’ air travel.

. See, e.g., Thompson v. W. States Med. Ctr., 535 U.S. 357, 377, 122 S.Ct. 1497, 152 L.Ed.2d 563 (2002) (Thomas, J., concurring); 44 Liquormart, Inc. v. Rhode Island, 517 U.S. 484, 501-04, 116 S.Ct. 1495, 134 L.Ed.2d 711 (1996) (opinion of Stevens, J., joined by Kennedy and Ginsburg, JJ.); id. at 517, 116 S.Ct. *422 1495 (Scalia, J., concurring in part and concurring in judgment).

. The only evidence in the record indicates that consumers "feel” misled when the total price is not disclosed or is hidden in footnotes and hyperlinks. See 76 Fed. Reg. at 23,142-43; Enhancing Airline Passenger Protections, 75 Fed. Reg. 32,318, 32,327-28 (proposed June 8, 2010); Price Advertising, 71 Fed. Reg. 55,398, 55,401-02 (Sept. 22, 2006). But the part of the rule addressing this topic is not the subject of my dissent.

. The entirety of the Transportation Department’s explanation is the following non sequitur: Disclosure of taxes and fees "must accurately reflect the actual costs to the carrier of the service or matter covered, be displayed on a per passenger basis, and be displayed in a manner that otherwise does not deceive consumers. Consequently, the rule requires that any such listing not be displayed prominently and be presented in significantly smaller type than the listing of the total price to ensure that consumers are not confused about the total price they must pay.” 76 Fed. Reg. at 23,143.

.A further consideration is worth mentioning. Airlines, like most businesses, market their products through a variety of mediums. The preamble identifies social networking websites like Facebook and Twitter as popular ways to sell and advertise airfares. 76 Fed. Reg. at 23,143. The Notice of Proposed Rulemaking points to the common practice of marketing via text message. 75 Fed. Reg. at 32,327. In addition to being popular means for advertising, Facebook, Twitter, and text messages have this additional characteristic in common: only one font size currently is possible. The user can input text and numbers, but can do nothing more with regard to style or size before his message is distributed.
This leaves airlines three options when advertising on many platforms: (1) disclose tax *423 es and violate the regulation; (2) suppress tax information and comply with the rule; or (3) cease marketing on the platform altogether. The government addressed this problem at oral argument by explaining that it was "not aware of the [mediums] where you only have a choice of one font, but if [airlines] have a particular problem with the rule as applied in some situation like that ... they can make that point with the agency.” Oral Arg. Rec. at 33:31-46. If I understand the point, the onus is on the airlines to justify same-size disclosures whenever fine print is not an option, and it is the agency’s prerogative to exempt truthful disclosures from the rule's reach. This is completely backwards; supplication and administrative clemency have no place in the First Amendment. “If the First Amendment means anything, it means that regulating speech must be a last — not first— resort.” Thompson, 535 U.S. at 373, 122 S.Ct. 1497.

. In Milavetz, Gallop & Milavetz, P.A. v. United States, - U.S. -, 130 S.Ct. 1324, 1340, 176 L.Ed.2d 79 (2010), a commercial speech case dealing with the constitutionality of a federal statute, the Court accepted as evidence material in the congressional record and stated that it was self-evident that the advertisements at issue were misleading. Milavetz has no bearing on the relevant portion of the tax and fee rule. The opinion dealt with the requirement of disclosure. Id. at 1339; Maj. Op. at 413. The issue I am addressing deals with suppression of speech.

. The Supreme Court has rejected the proposition "that the public is not sophisticated enough to realize the limitations of advertising, and that the public is better kept in ignorance than trusted with correct but incomplete information.” Bates v. State Bar of Ariz., 433 U.S. 350, 374-75, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977).
Even if commercial speech "may be potentially misleading to some consumers, that potential does not satisfy the [government’s] heavy burden of justifying a categorical prohibition against the dissemination of accurate factual information to the [wider] public.” Peel v. Attorney Registration & Disciplinary Comm’n, 496 U.S. 91, 109, 110 S.Ct. 2281, 110 L.Ed.2d 83 (1990).